FILED

NOT FOR PUBLICATION

MAY 23 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: **BIG THORNE PROJECT AND 2008 TONGASS FOREST PLAN,**

—————————————————————

**SOUTHEAST ALASKA CONSERVATION COUNCIL; ALASKA WILDERNESS LEAGUE; SIERRA CLUB; NATIONAL AUDUBON SOCIETY; NATURAL RESOURCES DEFENSE COUNCIL,**

   Plaintiffs-Appellants,

 **and**

**CASCADIA WILDLANDS; GREATER SOUTHEAST ALASKA CONSERVATION COMMUNITY; GREENPEACE; CENTER FOR BIOLOGICAL DIVERSITY; THE BOAT COMPANY,**

   Plaintiffs,

 v.

**UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF**

No. 15-35232

D.C. Nos. 1:14-cv-00013-RRB
     1:14-cv-00014-RRB
     1:14-cv-00015-RRB

**MEMORANDUM**[*]

————————————————————————

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**AGRICULTURE; BETH PENDLETON, in her official capacity as United States Forest Service Region 10 Regional Forester; FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest; THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service,**

Defendants-Appellees,

**STATE OF ALASKA; ALASKA FOREST ASSOCIATION, INC.; SOUTHEAST CONFERENCE; VIKING LUMBER COMPANY, INC.; CITY OF CRAIG; ICY STRAITS LUMBER CO. INC.; SOUTHEAST STEVEDORING CORPORATION; ALASKA ELECTRIC LIGHT AND POWER COMPANY; ALASKA POWER & TELEPHONE; ALASKA MARINE LINES, INC.; ALASKA MINERS ASSOCIATION; FIRST THINGS FIRST FOUNDATION; SAMSON TUG AND BARGE COMPANY, INC.; TYLER RENTAL, INC.; RESOURCE DEVELOPMENT COUNCIL OF ALASKA, INC.; SOUTHEAST ROADBUILDERS, INC.; BOYER TOWING, INC.; CITY OF KETCHIKAN; KETCHIKAN GATEWAY BOROUGH; CITY AND BOROUGH OF WRANGELL; FEDERAL FOREST RESOURCE COALITION; FIRST BANK,**

Intervenor-Defendants-
Appellees.

**In re:  BIG THORNE PROJECT AND 2008 TONGASS FOREST PLAN,**

_____

**SOUTHEAST ALASKA CONSERVATION COUNCIL; ALASKA WILDERNESS LEAGUE; SIERRA CLUB; NATIONAL AUDUBON SOCIETY; NATURAL RESOURCES DEFENSE COUNCIL,**

Plaintiffs,

 **and**

**CASCADIA WILDLANDS; GREATER SOUTHEAST ALASKA CONSERVATION COMMUNITY; GREENPEACE; CENTER FOR BIOLOGICAL DIVERSITY; THE BOAT COMPANY,**

Plaintiffs-Appellants,

 v.

**UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; BETH PENDLETON, in her official capacity as United States Forest Service Region 10 Regional Forester; FORREST**

No.    15-35233

D.C. Nos.    1:14-cv-00013-RRB
              1:14-cv-00014-RRB
              1:14-cv-00015-RRB

**COLE, in his official capacity as Forest Supervisor for the Tongass National Forest; THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service,**

Defendants-Appellees,

**STATE OF ALASKA; ALASKA FOREST ASSOCIATION, INC.; SOUTHEAST CONFERENCE; VIKING LUMBER COMPANY, INC.; CITY OF CRAIG; ICY STRAITS LUMBER CO. INC.; SOUTHEAST STEVEDORING CORPORATION; ALASKA ELECTRIC LIGHT AND POWER COMPANY; ALASKA POWER & TELEPHONE; ALASKA MARINE LINES, INC.; ALASKA MINERS ASSOCIATION; FIRST THINGS FIRST FOUNDATION; SAMSON TUG AND BARGE COMPANY, INC.; TYLER RENTAL, INC.; RESOURCE DEVELOPMENT COUNCIL OF ALASKA, INC.; SOUTHEAST ROADBUILDERS, INC.; BOYER TOWING, INC.; CITY OF KETCHIKAN; KETCHIKAN GATEWAY BOROUGH; CITY AND BOROUGH OF WRANGELL; FEDERAL FOREST RESOURCE COALITION; FIRST BANK,**

Intervenor-Defendants-
Appellees.

| | |
|---|---|
| **In re: BIG THORNE PROJECT AND 2008 TONGASS FOREST PLAN,** | No. 15-35244 |

**In re: BIG THORNE PROJECT AND 2008 TONGASS FOREST PLAN,**

_____

**SOUTHEAST ALASKA CONSERVATION COUNCIL; ALASKA WILDERNESS LEAGUE; SIERRA CLUB; NATURAL RESOURCES DEFENSE COUNCIL,**

       Plaintiffs-Appellants,

 v.

**UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; BETH PENDLETON, in her official capacity as United States Forest Service Region 10 Regional Forester; FORREST COLE, in his official capacity as Forest Supervisor for the Tongass National Forest; THOMAS TIDWELL, in his official capacity as Chief of the United States Forest Service,**

       Defendants-Appellees,

**STATE OF ALASKA; ALASKA FOREST ASSOCIATION, INC.; SOUTHEAST CONFERENCE; VIKING LUMBER COMPANY, INC.; CITY OF CRAIG; ICY STRAITS LUMBER CO. INC.; SOUTHEAST STEVEDORING CORPORATION; ALASKA ELECTRIC LIGHT AND POWER COMPANY; ALASKA**

No. 15-35244

D.C. Nos. 1:14-cv-00014-RRB
1:14-cv-00013-RRB
1:14-cv-00015-RRB

**POWER & TELEPHONE; ALASKA MARINE LINES, INC.; ALASKA MINERS ASSOCIATION; FIRST THINGS FIRST FOUNDATION; SAMSON TUG AND BARGE COMPANY, INC.; TYLER RENTAL, INC.; RESOURCE DEVELOPMENT COUNCIL OF ALASKA, INC.; SOUTHEAST ROADBUILDERS, INC.; BOYER TOWING, INC.; CITY OF KETCHIKAN; KETCHIKAN GATEWAY BOROUGH; CITY AND BOROUGH OF WRANGELL; FEDERAL FOREST RESOURCE COALITION; FIRST BANK,**

Intervenor-Defendants-Appellees.

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Senior District Judge, Presiding

Argued and Submitted February 3, 2016
Seattle, Washington

Before:    **KOZINSKI**, **O'SCANNLAIN** and **GOULD**, Circuit Judges.

The Administrative Procedure Act (APA) requires that we defer to an agency's decision unless it's "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A); see also River Runners for Wilderness v. Martin, 593 F.3d 1064, 1070 (9th Cir. 2010) (per

curiam).  For claims brought under the National Environmental Policy Act (NEPA), this means we must let the agency's decision stand if it's based "on a reasoned evaluation of the relevant factors."  Greenpeace Action v. Franklin, 14 F.3d 1324, 1332 (9th Cir. 1993) (internal quotation marks and citation omitted).

**1.**  Plaintiffs claim that the Forest Service violated NEPA by basing its timber projections on the Brackley Report, which failed to account for the housing-market crash.  But relying on uncertain projections doesn't violate NEPA, and the Forest Service didn't rely blindly on the report.  The Service trusted the 2013 projections because it believed that timber demand would rebound along with the economy as a whole.  Even if that belief turned out to be wrong, it's still the case that "the agency's path may reasonably be discerned."  Bowman Transp., Inc. v. Arkansas–Best Freight Sys., Inc., 419 U.S. 281, 286 (1974).  The Service's opinion that the demand for timber would improve was reasonable.

**2.**  Plaintiffs argue that the Forest Service's failure to ascertain the total wolf population violated NEPA.  They would be right only if knowing the precise population were "essential to [making] a reasoned choice among alternatives."  40 C.F.R. § 1502.22(a).  But an exact number wasn't essential because studying changes in deer habitat and road density still allowed the Service to compare the

population capacities and potential impacts of its project alternatives. Thus, the Forest Service only needed to acknowledge that it lacked precise population estimates to comply with NEPA. See id. § 1502.22. Because it did so, the Service did not violate the statute.

**3.** Plaintiffs claim that the Forest Service violated NEPA by failing to address the views of Dr. Person in its final Environmental Impact Statement (EIS). But NEPA requires only that an agency address <u>comments</u> on a draft EIS. See <u>id.</u> § 1502.9(b). Because Dr. Person's views didn't take this form, the agency's decision not to address them didn't violate the statute. See, e.g., Greater Yellowstone Coal. v. Lewis, 628 F.3d 1143, 1151–52 (9th Cir. 2010).

**4.** The Forest Service responded to the Fish and Wildlife Service's comments in the appendix of the final EIS. Plaintiffs argue that this violates NEPA, citing our precedent in <u>Center for Biological Diversity</u> v. <u>U.S. Forest Service</u>, 349 F.3d 1157 (9th Cir. 2003). But in that case we held only that it was insufficient for an agency to respond to comments in intra-office memoranda prepared after the final EIS was issued. <u>Id.</u> at 1168–69. NEPA's regulations require that the agency respond "in the final statement." 40 C.F.R. § 1502.9(b).

Because the appendix was in the final statement, the Service's response was lawful.

5. Plaintiffs claim that the Forest Service violated NEPA by responding to Dr. Person's appeal statement in a Supplemental Information Report instead of a supplemental EIS. But an agency is required to prepare a supplemental EIS only when "[t]here are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." Id. § 1502.9(c)(1)(ii). Because the Forest Service concluded that Dr. Person's statement didn't contain significant new information, the Service didn't need to prepare a supplemental EIS.

6. The outstanding motions for judicial notice are **GRANTED**.

**AFFIRMED.**